JS-6
'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL ANGEL REYES-CORBETON,

            Plaintiff,

    v.

U.S. RENAL CARE, INC., ET AL.,

            Defendants.

CV 23-00243-RSWL-SKx

**ORDER re: MOTION FOR REMAND** [18]

    Plaintiff Miguel Angel Reyes-Corbeton ("Plaintiff") brought the instant Action against Defendants U.S. Renal Care, Inc. ("Defendant Renal Care") and Tabatha Thrasher ("Defendant Thrasher") (Collectively, "Defendants") alleging employment retaliation under California Labor Code section 1102.5, wrongful termination in violation of public policy, and wage and hour claims.  After Defendant Renal Care removed this case to this Court,

Plaintiff filed his Motion to Remand the Action [18] ("Motion") back to Los Angeles Superior Court.

Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Plaintiff's Motion and **REMANDS** this Action back to state court.

I.  BACKGROUND

A.  <u>Factual Background</u>

Plaintiff is a resident of Los Angeles County, California.  Compl. ¶ 2, ECF No. 1.  Defendant Renal Care is a Delaware corporation doing business at 4955 Van Nuys Blvd. #111, Sherman Oaks, in Los Angeles County, California.  <u>Id.</u> ¶ 3.  Defendant Thrasher is an individual resident of Los Angeles County, California. <u>Id.</u> ¶ 6.

On or about September 1, 2018, Defendant Renal Care hired Plaintiff to work as a patient care dialysis technician ("PCT"), where Defendant Thrasher supervised Plaintiff.  <u>Id.</u> ¶ 17.  Near the end of his employment, Plaintiff complained to Defendant Thrasher that the other PCTs were not properly cleaning the dialysis machines, which Plaintiff believed was a violation of federal and/or state law.  <u>Id.</u> ¶ 20.  Soon after, on September 30, 2020, Defendant Renal Care fired Plaintiff for "unprofessionalism" and "outbursts."  <u>Id.</u> ¶ 22. Plaintiff now brings this Action alleging employment retaliation under California Labor Code section 1102.5, wrongful termination in violation of public policy, and

2

wage and hour claims.

**B.** **Procedural Background**

Plaintiff filed a Complaint [1, Ex. 1] on November 18, 2022. Defendant Renal Care removed the case to this Court on January 12, 2023 [1]. Plaintiff filed his Motion to Remand [18] on February 13, 2023. Defendant Renal Care opposed [21] on February 21, 2023. Plaintiff replied [22] on February 28, 2023.

## II. DISCUSSION

**A.** **Legal Standard**

Civil actions may be removed from state court if the federal court has original jurisdiction. See Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order to properly remove [an] action pursuant to that provision, petitioners must demonstrate that original subject-matter jurisdiction lies in the federal courts."). Diversity jurisdiction exists in all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. There must be complete diversity of citizenship, meaning "each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

1      The "burden of establishing jurisdiction falls on
2 the party invoking the removal statute . . . which is
3 strictly construed against removal." <u>Sullivan v. First</u>
4 <u>Affiliated Sec., Inc.</u>, 813 F.2d 1368, 1371 (9th Cir.
5 1987) (citing <u>Hunter v. United Van Lines</u>, 746 F.2d 635,
6 639 (9th Cir. 1984)).  Courts resolve all ambiguities
7 "in favor of remand to state court." <u>Hunter v. Philip</u>
8 <u>Morris USA</u>, 582 F.3d 1039, 1042 (9th Cir. 2009).  A
9 removed case must be remanded "[i]f at any time before
10 final judgment it appears that the district court lacks
11 subject matter jurisdiction."  28 U.S.C. § 1447(c).

12 **B.  Analysis**

13      Plaintiff seeks to remand this Action back to state
14 court because Defendant Thrasher is also a citizen of
15 California, and therefore there is no diversity
16 jurisdiction.  <u>See generally</u> Mot.  Defendant Renal Care
17 argues that Defendant Thrasher is a sham defendant
18 because Plaintiff cannot sustain a claim for wrongful
19 termination against Defendant Thrasher, as California
20 Labor Code section 1102.5 does not provide for
21 individual liability of an employee on behalf of its
22 employer.  Opp'n 2:13-4:8, 4:18-23.  Defendant Renal
23 Care therefore alleges the Court has diversity
24 jurisdiction over the matter because without Defendant
25 Thrasher, there is complete diversity between the
26 parties, and the amount in controversy exceeds $75,000.
27 <u>See generally</u> Opp'n.  Plaintiff counters that Defendant
28 Thrasher is not a sham defendant because Defendant

1   Thrasher is a necessary party, as she played a pivotal
2   role in the alleged wage violations and retaliation.
3   Further, Plaintiff argues that Defendant must prove that
4   Plaintiff cannot recover from Defendant Thrasher on any
5   theory to show she is a sham defendant, and Defendant
6   has not shown this.  Reply 3:25-4:2.  Additionally,
7   Plaintiff argues California law in employer retaliation
8   seems to stretch itself to include employees on behalf
9   of the employer, meaning that Defendant Thrasher may be
10  liable.  Mot. 6:5-16.  For these reasons, Plaintiff
11  argues complete diversity does not exist and his Motion
12  to Remand should be granted.  Reply 4:12-17.

13      As such, the Court needs to determine if Defendant
14  Thrasher may be individually liable under section 1102.5
15  to then determine whether Defendant Thrasher is
16  fraudulently joined.

17      The citizenship of a fraudulently joined non-
18  diverse defendant is disregarded when determining
19  whether complete diversity exists in a matter.
20  Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543,
21  548 (9th Cir. 2018).  If a plaintiff fails to state a
22  cause of action against the non-diverse defendant, and
23  the failure is obvious according to the settled rules of
24  the state, then the defendant is fraudulently joined.
25  McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th
26  Cir. 1987).  There is generally a presumption against
27  fraudulent joinder.  Hamilton Materials, Inc. v. Dow
28  Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

Therefore, demonstrating that a plaintiff is unlikely to prevail on her claim is not enough.  <u>Grancare</u>, 889 F.3d at 548.  Rather, the defendant must show by clear and convincing evidence that there is no "possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." <u>Id.</u>; <u>Baker v. Sunrise Senior Living</u>, No. 220CV07167ODWSKX, 2020 WL 7640731, at *2 (C.D. Cal. Dec. 23, 2020).

Here, if there is any possibility Plaintiff could recover against Defendant Thrasher on any of his causes of action, Defendant Thrasher is not fraudulently joined.  If Defendant Thrasher is not fraudulently joined then there is no diversity of citizenship and this Action should be remanded for adjudication in state court.  <u>See</u> <u>Arellano v. Wal-Mart Stores, Inc.</u>, No. CV 17-5134-GW(JCX), 2017 WL 4083144, at *7 (C.D. Cal. Sept. 14, 2017) (granting the plaintiff's motion to remand because there was no diversity since the non-diverse defendant was not a sham defendant).  As mentioned, Defendant Renal Care argues that Defendant Thrasher cannot be individually liable for Plaintiff's claims, and therefore Plaintiff cannot state a claim against Defendant Thrasher.  Opp'n 2:13-4:8. Accordingly, to determine whether Defendant Thrasher is fraudulently joined, the Court must assess whether Defendant Thrasher may be individually liable.

In 2014, the California legislature amended

section 1102.5 by adding the following italicized language: "[A]n employer, *or any person acting on behalf of the employer*, shall not retaliate against an employee . . . ." See <u>Tan v. InVentiv Health Consulting Inc.</u>, CV 19-07512-CJC (ASx), 2019 WL 5485654, at *3 (C.D. Cal. Oct. 24, 2019) (quoting Cal. Lab. Code § 1102.5).  Both California state courts and California district courts have been divided on if the interpretation of section 1102.5's amendment precludes individual liability.  <u>Compare</u> <u>Baker</u>, 2020 WL 7640731, at *4 (granting the plaintiff's motion to remand after finding that state law regarding individual liability under section 1102.5 is not obvious or settled), <u>with</u> <u>CTC Glob. Corp. v. Huang</u>, No. SACV 17-02202-AG (KESx), 2018 WL 4849715, at *4 (C.D. Cal. Mar. 19, 2018) (granting the defendant's Rule 12(b)(6) motion to dismiss after finding that section 1102.5 does not provide for individual liability).

While there are inconsistent interpretations of Section 1102.5 throughout the courts, it is clear that this section precluded individual liability prior to the amendment.  <u>Tan</u>, 2019 WL 5485654, at *3.  Nonetheless, there is now an argument that the plain language of the section seems to stretch itself to individual liability.  <u>Id.</u>; <u>CTC Glob.</u>, 2018 WL 4849715, at *4.

Federal courts look to the highest state court when interpreting state law.  <u>PSM Holding Corp. v. Nat'l Farm Fin. Corp.</u>, 884 F.3d 812, 820 (9th Cir. 2018).  When

there are no governing decisions from the highest court
and there is an absence of guidance from intermediate
appellate court decisions, courts may look to California
trial court rulings for support, even though they are
not binding.  See Baker, 2020 WL 7640731, at *3 (noting
that the plaintiff's proffered California Superior Court
decisions finding individual liability established that
"at least some California courts have found individual
liability available under section 1102.5, thus opening
the door to the *possibility* that [the plaintiff] may
recover against [the supervising employee] in his
individual capacity").

    Here, neither Party cites to any decisions from the
California Supreme Court or intermediate appellate
courts on this matter.  Defendant cites to two cases
outside of this district that refer to a California
Supreme Court matter that interpreted similar yet
different statutory language to preclude individual
liability years before section 1102.5's amendment.
Opp'n 3:28-4:7.  This argument is unconvincing as it
does not provide for a settled ruling on *this* issue
under established state law.

    The Court finds the reasoning in Baker instructive.
Baker established that if trial courts are split on the
decision of individual liability, this demonstrates that
"the question of individual liability under section
1102.5 is far from [obvious or] 'settled.'"  Id. at *4.
In other words, the conflicting court holdings

demonstrate that Defendant Thrasher's potential
individual liability under section 1102.5 claim is
clearly unsettled.  As such, because the sham defendant
standard requires proving fraudulent joinder based on
*settled* state rules, the Court cannot certainly
determine if Defendant Thrasher is fraudulently joined
due to the current ambiguity in the state law.  See id.
(finding the conflicting district court holdings
demonstrate that section 1102.5 is far from obvious or
settled and thus, "[t]he Court need not resolve the
question here, because [the defendant] is fraudulently
joined only if [the plaintiff's] claim against [the
defendant] obvious[ly] fails according to the settled
rules of the state.") (internal quotation marks
omitted).

    However, in instances where such ambiguity has
surfaced, courts have found that this ambiguity should
be resolved in the plaintiff's favor.  Id.; see Tan,
2019 WL 5485654, at *3 (granting the plaintiff's motion
to remand because the Court found the law is not settled
on the issue of whether section 1102.5's amendment
precludes individual liability); Jackson v. Dollar Tree
Distrib., Inc., No. CV 18-2302 PSG (SKX), 2018 WL
2355983, at *1 (C.D. Cal. May 23, 2018) (same).

    Additionally, the circumstances leading to
Plaintiff's termination suggests that Plaintiff could
possibly recover against Defendant Thrasher on at least
Plaintiff's cause of action for employment retaliation

1  under section 1102.5.  Here, shortly before Plaintiff
2  was fired, Plaintiff complained to Defendant Thrasher
3  that the other PCTs were not properly cleaning the
4  dialysis machines, which Plaintiff believed was a
5  violation of federal and/or state law.  Compl. ¶ 20.  In
6  her capacity, Defendant Thrasher was not any ordinary
7  supervisor, but rather, was allegedly Plaintiff's
8  manager, a managing owner of Defendant Renal Care, and
9  the person who could potentially be responsible for the
10 alleged violations pertaining to Plaintiff, such as the
11 wage and hour violations.  Mot. 6:17-23.  As such,
12 Defendant Thrasher may have played a critical role in
13 Plaintiff's termination.
14      Moreover, Defendant Renal Care has not met its
15 heavy burden of proving that there is *no possibility* a
16 state court would find a potential cause of action
17 against Defendant Thrasher.  Grancare, 889 F.3d at 548.
18 Defendant Renal Care only argues it is irrefutable that
19 Defendant Thrasher is a sham defendant because
20 Plaintiff's Motion did not address this argument, as
21 Plaintiff cannot sustain a claim for wrongful
22 termination against Defendant Thrasher.  Opp'n 4:18-23.
23 This does not demonstrate with "clear and convincing
24 evidence" that there is *no possibility* a state court
25 would find a cause of action against Defendant Thrasher.
26      Thus, the Court finds that Defendant Thrasher is
27 not fraudulently joined because the unsettled law
28 regarding individual liability under California Labor

1  Code section 1102.5 favors.  Accordingly, there is a
2  possibility Plaintiff could recover against Defendant
3  Thrasher on his causes of action.

**III.   CONCLUSION**

5       Based on the foregoing, the Court **GRANTS**
6  Plaintiff's Motion and **REMANDS** the Action back to state
7  court for the remaining claims to be properly
8  adjudicated.

10  **IT IS SO ORDERED.**

12  DATED: May 12, 2023        _/S/ RONALD S.W. LEW_
13                             **HONORABLE RONALD S.W. LEW**
                               Senior U.S. District Judge